# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CRESS CARNEY,<br><br>     Plaintiff,<br><br>   v.<br><br>SUPERINTENDENT LAPINSKAS, *et al.*,<br><br>     Defendant. | Case No. 3:19-cv-00317-SLG-MMS<br><br>**REPORT AND RECOMMENDATION MOTION FOR SUMMARY JUDGMENT** |

## I. Motion Presented and Procedural History

On December 17, 2019, a complaint was filed by Mr. Cress Carney against "Superintendant Lapinskas, Ssgt Stanley, Ssgt Ennis, [and] Ms. Gillmore", collectively referred to as Defendants. The complaint alleges that "[f]or several years now the Department of Correction [*sic*] has been alienating parts of my native checks and forcing my [*sic*] to give them money to pay for their bills/Fees."[1] After being served and directed to respond, Defendants responded to each of the allegations on September 2, 2020 in their answer. Defendants assert, among other things, that "all [o]ffender [t]rust [a]ccount deposits and disbursements with respect to Mr. Carney's account have at all times been in compliance with Department of Corrections policies and procedures."[2] The answer addresses the procedure and

---

[1] Docket 1.

[2] Docket 12.

regulations the Defendants followed for money that is deposited into a prisoner's 'general fund,' and admitted that Mr. Carney used the grievance process to assert his right to separate his native corporation check from being comingled into his general fund.[3]

On September 2, 2020, this Court issued a scheduling order, which set the deadline for any amended pleadings for November 2, 2020.[4] On November 2, 2020, Mr. Carney filed a "Motion for Exten[s]ion of Time for Scheduling Deadline for Amended Pleadings."[5] Mr. Carney stated that because of COVID restrictions, he was unable to access the law library.[6] The Defendants responded that Mr. Carney filed his complaint 11 months ago, but did not object "to a short extension of time."[7] On November 30, 2020, the Defendants filed a Motion to Dismiss (the "Motion").[8] An Order & Warning Notice to Pro Se Litigants was issued by this Court on December 30, 2020. The Order granted Mr. Carney a brief extension of time to amend his pleadings, and set a briefing schedule as to the Motion.[9] Additionally, the Court recognized that Defendants included exhibits and

---

[3] Docket 12 at 3–4.

[4] Docket 13.

[5] Docket 14.

[6] Docket 14 at 1.

[7] Docket 15.

[8] Docket 16.

[9] Docket 18.

Case No. 3:19-cv-00317-SLG, *Carney v. Lapinskas*
Report & Recommendation Motion for Summary Judgment
Page 2 of 10
Case 3:19-cv-00317-SLG-MMS   Document 19   Filed 08/03/21   Page 2 of 10

materials outside of the pleadings, which converted the Motion under Federal Rule of Civil Procedure 12(b)(6) to a Motion for Summary Judgment under Federal Rule of Civil Procedure 56.[10]

After providing Mr. Carney with ample time to amend his pleadings and respond to Defendants' Motion, and taking into consideration the COVID-19 Pandemic,[11] this Court has provided Mr. Carney a significant grace period. The Court has received no response from Mr. Carney. The Court can wait no longer.

In light of Mr. Carney's lack of response to this Court's Order at Docket 18, the Defendants' Motion at Docket 16 is well taken. As mentioned in the Order and Warning to Pro Se Litigant, the "Defendants' Motion references facts outside of the pleadings and requests that Mr. Carney's action be dismissed with prejudice." The Court will consider the facts presented in the Defendants' Motion and the facts presented in the complaint and answer.

---

[10] Dockets 18 at 3. *See also* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); *see also Stratton v. Buck*, 697 F.3d 1004, 1008 (2012) (holding that if/when a district court considers materials beyond the pleadings when ruling upon a defendant's motion to dismiss, a pro se prisoner plaintiff must receive notice similar to that of *Rand v. Rowland,* 154 F.3d 952 (9th Cir. 1998) (en banc)).

[11] *See* District of Alaska - Miscellaneous General Orders: MGO 20-11, MGO 20-12, MGO 20-13, MGO 20-17, MGO 20-18, MGO 20-19, MGO 20-20, MGO 20-21, MGO 20-22, MGO 20-23, MGO 20-24, MGO 20-26, MGO 20-27, MGO 20-28, MGO 20-29, MGO 20-32, MGO 20-34, MGO 20-37, MGO 20-38, MGO 20-39, MGO 20-40, MGO 21-05, MGO 21-09, and MGO 21-10. https://www.akd.uscourts.gov/news/covid-19-coronavirus-and-court-operations (last accessed on April 9, 2021).

Case No. 3:19-cv-00317-SLG, *Carney v. Lapinskas*
Report & Recommendation Motion for Summary Judgment
Page 3 of 10
Case 3:19-cv-00317-SLG-MMS   Document 19   Filed 08/03/21   Page 3 of 10

For the following reasons, this Court recommends the District Court grant the Motion for Summary Judgment at Docket 16.

## II. Factual Allegations

Mr. Carney's complaint states that his civil rights were violated by the Defendants "[w]hile acting under the color of law, [because their] policy or custom violated [his] rights…[by] tak[ing] [his] native check money."[12] Mr. Carney seeks injunctive relief and money damages against each Defendant.[13]

Mr. Carney alleges Defendants took improper deductions from his prisoner trust account and violated his property rights to his native corporation dividend funds.[14] He advises that he exhausted the grievance process to resolve the issue with the Department of Corrections, to no avail.[15]

Defendants "admit that all [o]ffender [t]rust [a]ccount deposits and disbursements with respect to Mr. Carney's account have at all times been in compliance with Department of Corrections policies and procedures."[16] In addition, Defendants admit that Mr. Carney followed the grievance procedure, but deny most statements made by Mr. Carney.[17]

---

[12] Docket 1 at 3.

[13] Docket 1 at 11.

[14] U.S. CONST. amend. IVX.

[15] Docket 1 at 11.

[16] Docket 12 at 2.

[17] Docket 12 at 3–4.

Case No. 3:19-cv-00317-SLG, *Carney v. Lapinskas*
Report & Recommendation Motion for Summary Judgment
Page 4 of 10
Case 3:19-cv-00317-SLG-MMS   Document 19   Filed 08/03/21   Page 4 of 10

In the Motion, Defendants state that "[n]o defendant alienated Mr. Carney's native corporation dividend funds by considering all funds deposited into Mr. Carney's [o]ffender [t]rust [a]ccount as fully comingled general funds that are available for use to pay for Mr. Carney's expenses."[18]  Further and more broadly, Defendants assert that Mr. Carney's allegations are "conclusory allegations, unjustified deductions of fact, or unreasonable inferences."[19]  Defendants acknowledge that prisoners have a protected property interest in their personal property, including funds in a prisoner's offender trust account.[20]  However, Defendants assert that this property interest is not absolute.  Rather, administrative and procedural pre-deprivation processes temper prisoner property rights.[21]

## III. Legal Standard

A defendant may seek dismissal of an action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Generally, when reviewing a Rule 12(b)(6) motion, a court considers only the pleadings and documents incorporated into the pleadings by reference, as well as matters on which a court may take judicial notice.[22]  Rule 12(b)(6) motions

---

[18] Docket 16 at 2.

[19] Docket 12; Docket 17 at 2.

[20] Docket 17 at 4–5.

[21] Docket 17 at 5.

[22] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Case No. 3:19-cv-00317-SLG, *Carney v. Lapinskas*
Report & Recommendation Motion for Summary Judgment
Page 5 of 10
Case 3:19-cv-00317-SLG-MMS   Document 19   Filed 08/03/21   Page 5 of 10

supported by exhibits or information outside of the pleadings may be considered by a court.[23] Yet, if the additional materials are not excluded, "the motion must be treated as one for summary judgment under Rule 56."[24] The Court converted the Motion to Dismiss at Docket 16 to Motion for Summary Judgment in its Order & Warning Notice to Pro Se Litigant at Docket 18.

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  The burden of showing the absence of a genuine dispute of material fact lies with the moving party.[25] If the moving party meets this burden, the non-moving party must present specific factual evidence demonstrating the existence of a genuine issue of fact.[26] The non-moving party may not rely on mere allegations or denials.[27] Rather, that party must demonstrate that enough evidence supports the alleged factual dispute to require a finder of fact to make a determination at trial between the parties' differing versions of the truth.[28]

---

[23] *D.W.J. v. Wausau Bus. Ins. Co.*, 192 F. Supp. 3d 1014, 1018 (D. Alaska 2016) (stating a court has discretion to accept or reject materials); *see* Rule 12(d).

[24] Fed. R. Civ. P. 12(d).

[25] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

[26] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

[27] *Id.*

[28] *Id.* (citing *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253 (1968)).

Case No. 3:19-cv-00317-SLG, *Carney v. Lapinskas*
Report & Recommendation Motion for Summary Judgment
Page 6 of 10
Case 3:19-cv-00317-SLG-MMS   Document 19   Filed 08/03/21   Page 6 of 10

When considering a motion for summary judgment, a court views the facts in the light most favorable to the non-moving party and draws "all justifiable inferences" in the non-moving party's favor.[29] To reach the level of a genuine dispute, the evidence must be such "that a reasonable jury could return a verdict for the non-moving party."[30] If the evidence provided by the non-moving party is "merely colorable" or "not significantly probative," summary judgment is appropriate.[31]

## IV. Discussion

As discussed above *supra* II, this Court has reviewed the facts presented in the complaint most favorable to Mr. Carney. That Mr. Carney's native corporation dividend check has been deposited into his offender trust account is not in dispute. Moreover, the fact that the Department of Corrections administers the offender trust account, on behalf of incarcerated prisoners is not in dispute. Additionally, this Court takes judicial notice of the regulations and policies the Alaska Department of Corrections follows for Prisoner Accounts under 302.12 (last updated 11/05/2018) and medical expenses under 807.07 (last updated 01/01/2017).[32]

---

[29] *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).

[30] *Anderson*, 477 U.S. at 248.

[31] *Id*. at 249.

[32] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." *Black's Law Dictionary* (11th ed. 2019); *see also* Fed. R. Evid. 201.

Case No. 3:19-cv-00317-SLG, *Carney v. Lapinskas*
Report & Recommendation Motion for Summary Judgment
Page 7 of 10
Case 3:19-cv-00317-SLG-MMS   Document 19   Filed 08/03/21   Page 7 of 10

Defendants demonstrate that Department of Corrections policies and processes govern deposits and withdrawals from a prisoner's offender trust account. This includes the deduction of a prisoner's expenses for medical services and restitution. Defendants have provided additional information regarding Mr. Carney's ability to dispute medical expenses, if he so choses, within three days of receiving medical services. He has not done so for the period of his incarceration; even though he has followed the same procedural process to dispute the deposit of his native corporation dividend funds into his offender trust account general fund.[33] These processes provide the notice and process required to protect a property interest under the Fourteenth Amendment.

Defendants also provided additional information about the Alaska Native Claims Settlement Act (ANCSA), 43 U.S.C § 1602, *et seq*. Although not referenced directly by Mr. Carney, the language he uses is very similar to 43 U.S.C. § 1606(h)(1)(B).[34] The restrictions provided in ANCSA focus on a shareholder's

---

[33] Docket 17 at 6

[34] Docket 1 at 4 ("no part of my native check can be sold pledged, subjected to a lien or judgement execution, assigned in present or future, treated as an asset or otherwise alienated"); *see also* 43 U.S.C. § 1606(h)(1)(B):

> (B) Except as otherwise provided in this subsection, Settlement Common Stock, inchoate rights thereto, and rights to dividends or distributions declared with respect thereto shall not be—
>     (i) sold;
>     (ii) pledged;
>     (iii) subjected to a lien or judgment execution;
>     (iv) assigned in present or future;
>     (v) treated as an asset under—
>         (I) title 11 of the United States Code or any successor statute,
>         (II) any other insolvency or moratorium law, or

Case No. 3:19-cv-00317-SLG, *Carney v. Lapinskas*
Report & Recommendation Motion for Summary Judgment
Page 8 of 10
Case 3:19-cv-00317-SLG-MMS   Document 19   Filed 08/03/21   Page 8 of 10

right to receive a dividend. Specifically, a shareholder cannot be deprived of the right to native corporation dividends.[35]

What Mr. Carney failed to provide in his complaint was the fact that he deposits the native corporation dividend funds into his offender trust account. The offender trust account is used like a savings account at a bank. This Court recognizes the potential difficulties of an inmate using a savings account outside the Department of Corrections, but that is an option if Mr. Carney does not want his dividend funds comingled or accessed by the Department of Corrections. Additionally, Mr. Carney failed to respond to Defendants' Motion; thereby making it unopposed.

Accordingly, Defendants have demonstrated that there is no genuine dispute as to any material fact, and the Defendants are entitled to judgment as a matter of law.

//

//

//

//

//

---

(III) other laws generally affecting creditors' rights; or
**(vi)** otherwise alienated.

[35] 43 U.S.C. § 1606(h)(1)(B)

Case No. 3:19-cv-00317-SLG, *Carney v. Lapinskas*
Report & Recommendation Motion for Summary Judgment
Page 9 of 10
Case 3:19-cv-00317-SLG-MMS   Document 19   Filed 08/03/21   Page 9 of 10

**IV. Conclusion**

Therefore, this Court recommends the District Judge **GRANT** the Defendants' Motion for Summary Judgment at Docket 16, for reasons explained in this Court's order. Any party may serve and file specific written objections to this recommendation within fourteen (14) business days after being served with a copy. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure 72(b); Local Magistrate Judge Rule 5(b). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

DATED this 3rd day of August 2021, at Anchorage, Alaska.

/s/ M*atthew M. Scoble*
United States Magistrate Judge

Case No. 3:19-cv-00317-SLG, *Carney v. Lapinskas*
Report & Recommendation Motion for Summary Judgment
Page 10 of 10
Case 3:19-cv-00317-SLG-MMS   Document 19   Filed 08/03/21   Page 10 of 10